IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**AARON JEROME HEIDELBERG, 140165,** :

    Plaintiff,                  :

vs.                                  :         CIVIL ACTION 18-0271-CG-N

**CITY OF MOBILE POLICE DEPT.,** *et al*.   :

    Defendants.                  :

### REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. Upon review of the complaint as amended and Heidelberg's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Heidelberg is barred from proceeding *in forma pauperis* and he did not pay the filing fee at the time he filed this action.

**I. Section 1915(g) and Heidelberg's Litigation History.**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007).

Because Heidelberg sought leave to proceed *in forma pauperis,* the Court reviewed the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama to determine if he has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From those dockets, the Court discovered that Heidelberg has had three actions dismissed for one of the foregoing reasons, namely, *Heidelberg v. Parker,* CA 99-0605-MHT-CSC (M.D. Ala. 1999); *Heidelberg v. Haley,* CA 99-1574-UWC-HGD (N.D. Ala. 2001); and *Heidelberg v. City of Mobile Police Dept.,* CA 00-0077-BH-D (S.D. Ala. 2001). Moreover, the Court notes that Heidelberg previously had two actions dismissed pursuant to 28 U.S.C. § 1915(g), *Heidelberg v. City of Mobile Police Dept.,* CA 11-0256-CG-N (S.D. Ala. 2001), and *Heidelberg v. Bentley,* CA 12-0300-WS-B (S.D. Ala. 2012). Thus, the present action is due to be dismissed unless Heidelberg can satisfy the exception to § 1915.

**II. <u>Section 1915(g)'s Exception</u>.**

The exception to § 1915(g) requires that at the time of the complaint's filing, Heidelberg show that he was "under imminent danger of serious physical injury." *See*

*Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must be faced at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. ) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."),
*cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished) (Granade, C.J.). Heidelberg has not done this.

In the complaint (Doc. 1), Heidelberg names as defendants, John Doe (the arresting officer), Officer Michael Ellzey, Officer Roy L. Adams, Chief of Police Lawrence Battiste, and City of Mobile Police Department. (*Id.* at 4, 15-17). Heidelberg alleges that on February 9, 2018, he was falsely arrested by Defendants Ellzey and John Doe. (*Id.* at 4, 9). And Defendant Adams is also alleged to have unlawfully arrested him and caused him to be falsely imprisoned. (*Id.* at 9). Defendants City of Mobile Police Department and Battiste are charged with failing to adequately train and supervise their subordinates to deal with persons with whom they will come into contact. (*Id.* at 8).

The incident that gives rise to these claims occurred on February 8, 2018, when Heidelberg's brother, Timothy Heidelberg, came into their mother's house where Heidelberg was living and taking care of their elderly mother. (*Id.* at 10). The brothers

3

quarreled which resulted in Timothy receiving a "small skin pop" to his back from his pocketknife. (*Id.*). Heidelberg left in a car "for peace sake for his ill mother['s]" benefit. (*Id.*). He was stopped by Defendant John Doe as a result of his brother manipulating the police. (*Id.* at 11). He told Defendant John Doe that the City of Mobile Municipal Court had ordered his brother not to have contact with him and not to come on the property. (*Id.*). When Heidelberg arrived at the station, Defendant Ellzey signed a complaint for an arrest warrant for second-degree assault against him for stabbing his brother. (*Id.* at 12). Defendant Adams is also alleged to have signed the complaint. (*Id.* at 16). But before Heidelberg received his preliminary hearing on March 5, 2018, his parole was revoked on February 22, 2018. (*Id.* at 12). In addition to his complaints about the criminal and parole proceedings against him, Heidelberg complains of the lack of medical care and of being assaulted while at the Mobile County Metro Jail before he was transferred to the custody of the Alabama Department of Corrections ("ADOC"), but he did not connect a named Defendant to these allegations. (*Id.* at 13-14).

In Heidelberg's amended complaint (Doc. 4), he adds a cause of action for malicious prosecution. The basis for this claim is the Mobile County District Court's dismissal of the criminal charges against him on March 5, 2018, on his motion to dismiss. (*Id.* at 2, 7).

As a result of these actions, Heidelberg is now incarcerated with ADOC. (Doc. 1 at 13). He claims that his damages are being unable, as the legal guardian, to provide daily care for his elderly mother and being housed under unpleasant conditions at ADOC, which he lists. (Doc. 4 at 3-4). Additionally, in his original complaint, he sought damages and injunctive and declaratory relief. (Doc. 1 at 17-18).

Section 1915(g) requires that at the time of the complaint's filing that Heidelberg have been in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  With the Heidelberg's signature on the complaint dated June 8, 2018 challenging events that occurred prior to March 6, 2018, (inasmuch as the dismissal of the criminal charge was dismissed on March 5, 2018 (Doc. 4 at 7)), the Court finds that Heidelberg was not in imminent danger of serious physical injury when he filed the present action.  Moreover, his allegations do not describe a serious physical injury to him, much less an injury that is imminent.  Thus, the Court concludes that Heidelberg has not carried his burden of showing that he was in imminent danger of serious physical injury at the time of his complaint's filing.

### III. Conclusion.

Because Heidelberg cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing/adminstrative fee[1] at the time he filed this action, this action is due to be dismissed without prejudice, and it is so recommended.  *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).

---

[1] A filing fee of $350.00 for a non-habeas, civil action is imposed by 28 U.S.C. § 1914(a). As of December 1, 2016, the Judicial Conference also imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*.  28 U.S.C. § 1914, *Jud. Conf. Schedule of Fees*, No. 14.

5

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 14th day of August, 2018.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**