# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| AARON JEROME HEIDELBERG, 140165, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 18-0271-TM-N |
| | : | |
| CITY OF MOBILE POLICE DEPT., *et al.*, | : | |
| | : | |
| Defendant. | : | |

## ORDER

On August 5, 2018, the magistrate judge entered a report and recommendation which recommends this action be dismissed without prejudice pursuant to the provision of 28 U.S.C. § 1915(g). *See* Doc. 6. Plaintiff filed objections on September 7, 2018. *See* Doc. 9. After due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** with the added language below.

In addition to the analysis articulated by the Magistrate Judge, the Court also notes that Plaintiff attempted to amend his complaint wherein he makes allegations regarding the danger of the prison where he is incarcerated. *See* Doc. 4. Plaintiff further reiterates this point in his objections to the report and recommendation. *See* Doc. 9. However, his attempts to show "imminent danger" to circumvent the "three strikes" provision of 28 U.S.C. § 1915(g) fail.

First, as noted by the Magistrate Judge, the allegations fail to demonstrate that Heidelberg was in imminent danger at the time he filed this cause of action. *Medberry v. Butler*, 185 F.3d

1189, 1193 (11th Cir. 1999) (inmate must show "imminent danger" at time of filing the complaint to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *see also Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to . . . prevent impending harms, not those harms that had already occurred."). Plaintiff attempts to remedy his original failure in his motion to amend and his objections. However, those will not satisfy the requirement that the imminent danger be present when the original complaint was filed. Plaintiff filed his complaint on or about June 8, 2018, but as noted by the Magistrate Judge, the events on which he bases his claims occurred prior to March 6, 2018. *See* Doc. 6 at p. 5.

Second, the Court also notes that the allegations of imminent danger relate solely to the conditions of confinement and not the actual claims for which he seeks relief. Plaintiff asserts causes of action that challenge the constitutionality of his arrest and subsequent revocation of parole. This Court agrees with other courts in their determination that an adequate nexus must exist between the claims made the basis of the complaint and the alleged imminent danger. *See, e.g., Pettus v. Morenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."); *Alston v. F.B.I.*, 747 F. Supp.2d 28, 31 (D.D.C. 2010) ("To qualify under [the imminent danger exception], the prisoner must show that the action is connected to the imminent danger."); *Frazier v. Reynolds*, Civ. Act. No. 2:15-cv-381-MHT, 2015 U.S. Dist. LEXIS 93884 (M.D. Ala. Jul. 1, 2015) (holding same and citing *Pettus* and *Alston*). Even the conditions he complains about with regard to lack of medical care and being assaulted by another inmate all occurred prior to his transfer to the Alabama Department of Corrections. *See* Doc. 1 at ¶¶ 21-24. Finally, his generalized allegations of living in fear at his current facility discussed in his proposed

amended complaint do not ultimately relate to his claims, but rather relate to his status as a prisoner.

In these circumstances, the Eleventh Circuit is clear. "[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he *initiates* the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Therefore, based on the reasons stated by the Magistrate Judge and the added discussion above, the Plaintiff's motion to amend (Doc. 4) is **DENIED**, Plaintiff's objections (Doc. 9) are **OVERRULED**, and the Report and Recommendation (Doc. 6) is **ADOPTED**.

This action is **DISMISSED without prejudice** pursuant to the provisions of 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis* and he did not pay the requisite filing fee.

**DONE and ORDERED** this 11th day of October 2018.

/s/ Terry F. Moorer
**TERRY F. MOORER**
**UNITED STATES DISTRICT JUDGE**